IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY D. JACOBS                                              PLAINTIFF

vs.                           Civil No. 2:22-cv-02059

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                        DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Kimberly D. Jacobs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

application for Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff filed her disability application on January 9, 2018.   (Tr. 410-411).[1]   In her

application, Plaintiff alleges being disabled due to a left leg injury, neuropathy, diabetes mellitus,

bipolar disorder, post-traumatic stress disorder, chronic pain, high blood pressure, and insomnia.

(Tr. 468).  Plaintiff alleged an onset date of March 31, 2017, which was later amended to September

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr." and refer to the document
filed at ECF No. 12.   These references are to the page number of the transcript itself not the ECF
page number.

4, 2017.  (Tr. 50, 410).  Plaintiff's application was denied initially and again upon reconsideration. (Tr. 217-264, 356-357).

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted.  (Tr. 301-302).  On September 30, 2019, following a hearing, an ALJ entered a decision and found Plaintiff not disabled.  (Tr. 265-284).  Following this, on September 25, 2020, the Appeals Council vacated this decision and remanded the case for further consideration.  (Tr. 285-290).

A new hearing was held on January 13, 2021.  (Tr. 162-193).  At this hearing, Plaintiff was present, and represented by Laura McKinnon.  *Id.*  Plaintiff and Vocational Expert ("VE"), Jim Spragins testified at the hearing.  *Id.*

Following the administrative hearing, on June 24, 2021, the ALJ entered an unfavorable decision.  (Tr. 50-66).  In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2021.  (Tr. 52, Finding 1).  The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since September 4, 2017.  (Tr. 53, Finding 2).

The ALJ determined Plaintiff had the severe impairments of depression, anxiety, morbid obesity, right shoulder osteoarthritis, post-traumatic stress disorder, borderline personality disorder, fracture of multiple ribs, fracture of left femur, fracture of right ankle, diabetes mellitus type II, and diabetic neuropathy.  (Tr. 53, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 53, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC.  (Tr. 55-64). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record.  *Id.*  The ALJ also determined Plaintiff retained the RFC to perform sedentary work, except could not climb ladders,

ropes, scaffolds, ramps, and stairs; could occasionally balance, stoop, kneel, crouch, crawl, and reach overhead on the right; could perform simple, routine, and repetitive tasks with few variable and little judgment; needed supervision that was simple, direct, and concrete; could tolerate interpersonal contact that was incidental to the work performed; and must be able to use a cane to walk. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 64, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 65, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) cutter/paster with approximately 12,000 jobs in the nation, (2) tube operator with approximately 3,000 jobs in the nation, and (3) addresser with approximately 2,700 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled from September 4, 2017, through the date of the decision. (Tr. 66, Finding 11).

On April 12, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 16. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 14. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ failed to fully and fairly develop the record, (B) the ALJ erred at Step 2, (C) the ALJ erred in assessing her subjective allegations, and (D) the ALJ erred in the RFC determination. *Id.* The Court will consider each of these arguments.

**A.  Duty to Develop the Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ erred by failing to fully develop the medical record regarding Plaintiff's alleged impairments and should have required an additional consultative examination.

ECF No. 14, Pgs. 8-12.  Defendant argues substantial evidence shows the ALJ met her duty to fully and fairly develop the record.  ECF No. 16.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped."  *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir.2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir.1989).  Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision.  *See id.; see also Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir.1994).  There is nothing which establishes the record was inadequate for the ALJ to make this decision. The medical record included treating physician records, clinic records, physical exam reports, diagnostic evaluations, and case analysis.

 Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that she was prejudiced by any perceived failure to develop the record.

### B. Step Two of the Analysis

Plaintiff claims the ALJ erred by finding her intermittent explosive disorder, migraines, and the etiology of her pain were non-severe impairments. ECF No. 14, Pgs. 12-14. In her decision, the ALJ found Plaintiff suffered from the following severe impairments: depression, anxiety, morbid obesity, right shoulder osteoarthritis, PTSD, borderline personality disorder, fracture of multiple ribs, fracture of left femur, fracture of right ankle, diabetes mellitus type II, and diabetic neuropathy. (Tr. 53, Finding 3). The ALJ did not find Plaintiff suffered from any other severe impairments.

To qualify as a "severe impairment," that impairment must more than minimally impact a claimant's ability to work:

> An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two.

*See Kirby v. Astrue,* 500 F. 3d 705, 707-08 (8th Cir. 2007) (internal citations and quotations marks omitted).

In the present action, the Court finds the ALJ properly found Plaintiff's intermittent explosive disorder, migraines, and the etiology of her pain were not severe impairments. As for intermittent explosive disorder and migraines, there was no on-going medical treatment for either of these alleged impairments. Additionally, at the administrative hearing in this matter, Plaintiff did not allege being disabled due to intermittent explosive disorder or migraines. (Tr. 120-193). In her application, Plaintiff did not allege being disabled due to intermittent explosive disorder or migraines. (Tr. 468). Because Plaintiff did not raise these alleged disabilities at the administrative hearing or in her application, the ALJ was under no obligation to investigate whether Plaintiff was disabled due to intermittent explosive disorder or migraines and was under no obligation to find these impairments were severe. *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (recognizing

an ALJ is under no "obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability").

Further, the claim of "the etiology of her pain" is not the proper consideration of what is considered to be severe impairment nor can it be considered an impairment.  The proper consideration is how a specific impairment limits the ability to do work.  In this matter, the ALJ did find physical impairments such as right shoulder osteoarthritis, fracture of multiple ribs, fracture of left femur, fracture of right ankle, and diabetic neuropathy as severe.

Based upon this review, the Court cannot find a basis for reversal on this issue and finds the ALJ's Step Two determination is supported by substantial evidence in the record.

### C.  Subjective Allegations

Plaintiff claims the ALJ erred in evaluating her subjective allegations of disability.  ECF No.14, Pgs. 14-16.  In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in her evaluation of Plaintiff's subjective allegations. (Tr. 56-64). Indeed, the ALJ opinion outlined her subjective allegations and noted inconsistencies between those allegations and the record. *Id.* The ALJ also noted her daily activities and set forth reasons for finding them not as limiting as described by Plaintiff. *Id.* Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how she was receiving treatment and medication for her impairments that appeared to be effective. *Id.* Based upon the Court's review, there is no basis for reversal on this issue. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

## D. RFC Determination

In this matter, the ALJ determined Plaintiff retained the RFC to perform a reduced range of sedentary work with limitations.   (Tr. 55-56).   Plaintiff argues the ALJ erred in this RFC determination.  ECF No. 14, Pgs. 16-20.  However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ.  The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter.  The mere fact Plaintiff suffers from a number of impairments does not demonstrate she has more limitations than those found in the RFC assessment above.

In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible.  (Tr. 57-64).  The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in her decision.  *Id*.  The ALJ also considered findings of medical consultants and considered Plaintiff's testimony and function reports in assessing her RFC.  *Id.*

Substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 30th day of March 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE